IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CROCS, INC. | : | |
| | : | |
| Plaintiff, | : | Case No. 1:17-cv-05292 |
| v. | : | |
| | : | |
| EFFERVESCENT, INC, et al., | : | |
| | : | Case Pending In: |
| | : | U.S. District Court for the District of Colorado |
| Defendant. | : | (Case No. 06-cv-00605-PAB-KMT) |

**NON-PARTY CRAMER-KRASSELT'S OBJECTIONS AND MOTION TO QUASH OR
MODIFY NON-PARTY SUBPOENA TO PRODUCE DOCUMENTS, OR,
IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER**

The Cramer-Krasselt Co. ("Cramer-Krasselt"), by and through its undersigned counsel,

and pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, moves this Honorable

Court to Quash or Modify the Non-Party Subpoena to Produce Documents (the "Subpoena")

issued to Cramer-Krasselt by Defendants, USA Dawgs, Inc. and Double Diamond Distribution,

Ltd. or, in the Alternative, moves for a Protective Order pursuant to Fed. R. Civ. P. 45(d)(3)(B).

In support of this Motion, Cramer-Krasselt states as follows:

I.      **INTRODUCTION**

1.      Cramer-Krasselt is a Delaware corporation headquartered in Chicago, Illinois, and

provides marketing and advertising services to its clients.

2.      Cramer-Krasselt represents major brands across virtually every industry. From

approximately 2010-2011, Cramer-Krasselt represented Crocs, Inc. ("Crocs"), the Plaintiff

herein.

3.      Cramer-Krasselt is not a party to this lawsuit.

4.      On or about June 19, 2017, Defendants, USA Dawgs, Inc. and Double Diamond

Distribution, Ltd. served a non-party Subpoena to Produce Documents, Information, or Objects

or to Permit Inspection of Premises in a Civil Action, a copy of which is attached hereto as Exhibit A. The Subpoena includes a Schedule A which seeks to compel Cramer-Krasselt to produce 17 categories of documents and things concerning work and services Cramer-Krasselt has allegedly provided to Crocs, including all communication over the course of 14 years at Veritext Chicago, 1 N. Franklin St., Ste. 3000, Chicago, Illinois 60606 or to mail same to the offices of Defendants' attorney, Christopher Hellmich, in California on or before July 19, 2017 at 9:00 a.m.

## II.  **OBJECTIONS**

5.      Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Cramer-Krasselt objects to the Subpoena on each of the following grounds:

a.      Paragraph 2 of the "Definitions and Instructions" to Schedule A provides an unreasonably broad definition of persons subject to the Subpoena and thereby purports to require production of documents which are not in the custody and control of Cramer-Krasselt and as such exceeds the requirements of Fed. R. Civ. P.45(d)(2)(B).

b.      Paragraph 16 of the "Definitions and Instructions" to Schedule A purports to require production of documents "known or available" regardless of whether the documents are in Cramer-Krasselt's possession custody or control and as such exceeds the requirements of Fed. R. Civ. P. 45(d)(2)(B).

c.      Paragraph 18 of the "Definitions and Instructions" to Schedule A purports to require Cramer-Krasselt to provide written identification and explanation of responsive documents which were once in existence, but no longer exist, including identification the contents of such documents, the reasons for its non-existence, and disclosure of persons with knowledge of the documents, and as such exceeds the requirements of Fed. R. Civ. P. 45(d)(2)(B).

      d.      Paragraphs 11 and 12 of the Requests for Production, as phrased, are not limited to work and services performed for Crocs, but as phrased would include work and services performed for other clients of Cramer-Krasselt. Such documents are proprietary to Cramer-Krasselt and proprietary and confidential trade secret materials of the clients of Cramer-Krasselt. Moreover, in seeking such materials, Defendants are undertaking a "fishing expedition" seeking materials that go well beyond the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1), in that such documents are not relevant to any issue, claim or defense in the present case, are not reasonably calculated to lead to discovery of admissible evidence, are not proportional to the needs of the case, and gathering and producing such documents would be unduly onerous and burdensome.

      e.      The 14-year timeframe in the Subpoena is overly broad and entirely unreasonable.  Gathering and producing such documents for such an elongated time period would be unduly onerous and burdensome and not proportional to the needs of the case.

      f.      The Subpoena seeks documents and communications many of which are wholly internal to Cramer-Krasselt, including internal communications, which were not transmitted or provided to Crocs or any third party.  Cramer-Krasselt objects to producing such materials which were strictly  internal on the grounds that such materials constitute proprietary work product and trade secrets of Cramer-Krasselt and on the further grounds that the request is unreasonably overbroad and unduly burdensome and seeks materials which have no reasonable relationship to the issues in dispute and information which is not reasonably calculated to lead to the discovery of admissible evidence or proportional to the needs of the case.

3

g.     The Subpoena seeks production and disclosure of trade secrets, confidential research, development or commercial information, including but not limited to, technical or nontechnical data, formulas, patterns, compilations, programs, devices, methods, techniques, or processes, that derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from their disclosure or use; and is the subject of efforts by Cramer-Krasselt to maintain their secrecy. Such information is protected from disclosure in accordance with the Illinois Trade Secrets Act, 765 ILCS 1065/3.

h.     While making an onerous and extremely burdensome request for documents of a non-party,

i.     Defendants fail to take reasonable steps to avoid imposing undue burden or expense on a non-party as required by Fed. R. Civ. P. 45(d)(l). In fact, Defendants have not taken any steps whatsoever, let alone reasonable steps, to avoid imposing undue burden or expense on Cramer-Krasselt, a non-party;

ii.     Defendants have not shown, and cannot show, a substantial need for the requested documents or that any such documents cannot otherwise be secured without inflicting undue hardship on Cramer-Krasselt; and

iii.     Defendants fail to advance reasonable costs associated with compliance and for searching, reviewing and producing the materials sought. The burden and expense of complying with the subpoena could be substantial, but Defendants have made no accommodations or proposal to satisfy such costs and expense.  Numerous documents will have to be

4

reviewed to remove nonresponsive and possibly privileged materials. Cramer-Krasselt conservatively estimates that it will incur thousands of dollars in lost employee time while employees search for, gather and assemble documents as well as things responsive to the Subpoena. Additionally, Cramer-Krasselt will incur expenses related to copying or imaging such documents and attorney's fees which will be required to ensure documents are not inadvertently produced that Cramer-Krasselt legally cannot, or otherwise should not, produce. Cramer-Krasselt should not be required to incur such expense without reasonable arrangements to compensate it for the time and expense associated with responding to the subpoena. *See, e.g.,* Fed. R. Civ. P. 45(d)(l); *see also In re Application of the Law Firms of McCourts and McGrigor Donald,* No. M 19-96, 2001 WL 345233, at *3 (S.D.N.Y. April 9, 2001) (a non-party should not be required to incur the cost associated with a broad-brushed subpoena).

       i.      Cramer-Krasselt objects to the Subpoena to the extent it seeks any attorney-client privileged materials or any attorney work product.

      6.      As permitted by Fed. R. Civ. P. 45(d)(2)(B), Cramer-Krasselt will not produce any of the requested documents that are subject to the above objections until such time as Defendants and Cramer-Krasselt agree to an appropriate limitation on the scope of the Subpoena or pursuant to appropriate Court order.

## III.    <u>MOTION TO QUASH NON-PARTY SUBPOENA</u>

      7.      Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) provides that "on timely motion, the Court for the district where compliance is required must quash or modify a subpoena that: (i) fails to

allow a reasonable time to comply; … (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden."

8.       Cramer-Krasselt moves to quash the Subpoena on the basis of each of the Objections identified in paragraphs 5(a)-(i) above.

## IV.      **MOTION FOR PROTECTIVE ORDER**

9.       In the alternative, for each of the grounds identified in the Objections in paragraphs 5(a)-(i) above, Cramer-Krasselt moves for a Protective Order pursuant to Fed. R. Civ. P. 45(d)(3)(B):

a.       Requiring that Defendants shall bear all research, reproduction/copying costs, and attorneys' fees incurred by Cramer-Krasselt in complying with the Subpoena;

b.       Limiting the discovery to only such documents and things that Defendants demonstrate, after hearing, are either (i) relevant to an issue, claim or defense in this lawsuit or (ii) reasonably calculated to lead to discovery of admissible evidence;

c.       Limiting the discovery to only such documents and things that Defendants demonstrate, after hearing, that Defendants cannot obtain from another source – including Plaintiff, Crocs – or in a manner that does not impose undue hardship and burden on Cramer-Krasselt;

d.       Modifying the Subpoena such that Cramer-Krasselt shall not be required to comply with the Subpoena to the extent of the Objections identified in paragraphs 5(a)-(i) above.

e.       Modifying the Subpoena such that Cramer-Krasselt shall not be required to produce any documents, information or things that are strictly internal or constitute trade secrets as defined by the Illinois Trade Secrets Act, or at least that such documents and things be

produced on an "attorneys eyes only" basis with appropriate restrictions on disclosure or other use outside of the present litigation; and

      f.      For such other protections and relief as this Honorable Court determines just and proper under the circumstances.

WHEREFORE, for the reasons set forth above, The Cramer-Krasselt Co. respectfully moves this Honorable Court to grant its Motion to Quash or Modify the Non-Party Subpoena to Produce Documents issued to Cramer-Krasselt by Defendants, USA Dawgs, Inc. and Double Diamond Distribution, Ltd. or, in the alternative, grant its Motion for a Protective Order, and grant such further relief as it deems just and proper.

Dated:  July 18, 2017

Respectfully submitted,

THE CRAMER-KRASSELT CO.

By: _Emily N. Masalski_
      One of its Attorneys

Darren J. Hunter
Emily N. Masalski
Rooney Rippie & Ratnaswamy LLP
350 W. Hubbard St., Suite 600
Chicago, Illinois  60654
(312) 447-2800
darren.hunter@r3law.com
emily.masalski@r3law.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for The Cramer-Krasselt Co. , hereby certifies that on July 18, 2017, she served or caused to be served a copy of the foregoing Non-Party Cramer-Krasselt's Objections and Motion to Quash or Modify Non-Party Subpoena to Produce Documents, or, in the Alternative, Motion for a Protective Order on counsel of record listed below by electronic means pursuant to Electronic Case Filing (ECF):

Julie Kent
Lara Palanjian
Michael Anthony Berta
Sean Michael Callagy
Paul Wayne Rodney
Ryan Scott Gramacy
Arnold & Porter Kaye Scholer LLP-San Francisco
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
julie.kent@apks.com
lara.palanjian@apks.com
michael.berta@apks.com
sean.callagy@apks.com
paul.rodney@apks.com

Natalie Marie Hanlon-Leh
Wilmer Cutler Pickering Hale & Dorr, LLP-Denver
1225 17th Street, Suite 2600
Denver, CO 80202
natalie.hanlonleh@wilmerhale.com

Jared Barrett Briant
Faegre Baker Daniels LLP-Denver
1700 Lincoln Street
Wells Fargo Center, Suite 3200
Denver, CO 80203-4532
jared.briant@FaegreBD.com

Michael G. Martin
Michael Martin Law
3900 East Mexico Avenue, Suite 300
Denver, CO 80210
mmartin@mmartinlaw.com

Christopher W. Hellmich
Hellmich Law Group P.C.
5753-G East Santa Ana Canyon Road, Suite 512
Anaheim Hills, CA 92807
chellmich@hellmichlaw.com

David Joseph Kaplan
Jeffery Kyle McClain
U.S.A. Dawgs, Inc.
4120 West Windmill Lane, Suite 106
Las Vegas, NV 89145
dkaplan@usadawgs.com
kyle.mcclain@usadawgs.com

Emily N. Masalski

Emily N. Masalski